1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT N. JOHNSON,                    )   Case No. 2:11-CV-00204-JAM-EFB
                                          )
12                    Plaintiff,          )   ORDER DENYING DEFENDANTS'
                                          )   MOTION TO DISMISS AND MOTION
13        v.                              )   FOR A MORE DEFINITE STATEMENT
                                          )
14   UNITED RENTALS NORTHWEST, INC.,      )
     individually and d/b/a UNITED        )
15   RENTALS; U.S. RENTALS, INC., a       )
     California Corporation; NANCY        )
16   BERRY,                               )
                                          )
17                    Defendants.         )

18        This matter comes before the Court on Defendants United

19   Rentals Northwest, Inc., U.S. Rentals, Inc., and Nancy Berry's

20   (collectively "Defendants") Motion to Dismiss (Doc. #8) Plaintiff

21   Scott Johnson's ("Plaintiff") Complaint (Doc. #1) pursuant to

22   Federal Rule of Civil Procedure 12(b)(1).  Defendants,

23   alternatively, move for a more definite statement (Doc. #8).

24   Plaintiff opposes the motions (Doc. #14).[1]  For the reasons set

25   forth below, Defendants' Motion to Dismiss and Motion for a More

26   Definite Statement are denied.

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally
     scheduled for May 18, 2011.

                                      1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this action for injunctive relief and damages pursuant to Title III of the Americans with Disabilities Act ("ADA") and sections 51(f) and 52 of the California Civil Code ("Unruh Act").  Plaintiff's Complaint ("Comp."), (Doc. #1). Plaintiff is considered a disabled individual under the ADA and Unruh Act, and Defendants are the owners, operators, managers, lessees or lessors of both locations of "United Rentals," the properties at issue in this case ("Defendants' stores").  Id. at ¶¶ 1-3, 9.

On May 27, June 3, June 8, and October 13, 2010, Plaintiff alleges he encountered architectural barriers in violation of the ADA while visiting one or both of Defendants' stores in Lodi and Sacramento, California, which are considered "public accommodations" under the ADA and Unruh Act.  Comp. at ¶¶ 2, 4. Plaintiff further alleges that the same architectural barriers deterred him from visiting Defendants' stores on two other occasions "during this past year" and remained in existence at the time Plaintiff filed his complaint.  Id. at ¶ 4.


II.   OPINION

A.   Legal Standard

1.   Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) provides that a motion to dismiss may be made on the basis of a "lack of subject-matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  A Rule 12(b)(1) motion tests "whether the plaintiff has a right to be in the particular court.  . . ."  Trs. of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc., 572

1  F.3d. 771, 775 (9th Cir. 2009) (internal quotation marks and

2  citations omitted).  Federal courts are limited in jurisdiction,

3  and it is presumed that a case lies outside the jurisdiction of the

4  court unless the plaintiff proves otherwise.  Kokkonen v. Guardian

5  Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Stock W., Inc. v.

6  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

7            2.   Supplemental Jurisdiction

8       When a district court has original jurisdiction over a claim,

9  it "shall have supplemental jurisdiction over all other claims that

10  are so related to claims in the action . . . that they form part of

11  the same case or controversy . . . ."  28 U.S.C. § 1367(a).  A

12  state claim is part of the same "case or controversy" as a federal

13  claim when the two "'derive from a common nucleus of operative fact

14  and are such that a plaintiff would ordinarily be expected to try

15  them in one judicial proceeding.'"  Kuba v. 1-A Agricultural Ass'n,

16  387 F.3d 850, 855-56 (9th Cir. 2004) (quoting Trs. Of the Constr.

17  Indus. & Laborers Health & Welfare v. Desert Valley Landscape &

18  Maint., Inc., 333 F.2d 923, 925(9th Cir. 2003)).

19       Under section 1367, a court has discretion to:

20       decline to exercise supplemental jurisdiction over a
         claim [] if: (1) the claim raises a novel or complex
21       issue of State law, (2) the claim substantially
         predominates over the claim [] over which the district
22       court has original jurisdiction, (3) the district
         court has dismissed all claims over which it has
23       original jurisdiction, or (4) in exceptional
         circumstances, there are other compelling reasons for
24       declining jurisdiction.

25  28 U.S.C. § 1367(c).

26            3.   *Bell* Requirements for Declining Jurisdiction

27       Jurisdictional dismissals in cases premised on federal-

28  question jurisdiction are exceptional, and a court may decline

3

1   jurisdiction only if the "requirements specified in Bell v. Hood"

2   are satisfied.  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th

3   Cir. 1987) (citing Sun Valley Gasoline, Inc. v. Ernst Enterprises,

4   711 F.2d 138, 140 (9th Cir. 1983)).  In Bell, "the Supreme Court

5   held that such dismissals are permitted 'where the alleged claim

6   under the constitution or federal statutes appears to be immaterial

7   and made solely for the purpose of obtaining federal jurisdiction

8   or where such a claim is wholly insubstantial and frivolous.'"  Id.

9   (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

10              4.   Federal Rule of Civil Procedure 12(e)

11      "A party may move for a more definite statement . . . [where a

12  claim] is so vague or ambiguous that the party cannot reasonably

13  prepare a response."  FED. R. CIV. P. 12(e).  A 12(e) motion cannot

14  succeed "if the complaint is specific enough to notify defendant of

15  the substance of the claim being asserted," and "the detail sought

16  by the motion for a more definite statement is obtainable through

17  discovery."  Abarca Franklin County Water District, 2009 WL 1393508

18  at *2 (E.D. Cal. May 18, 2009) (citing San Bernardino Pub.

19  Employees Ass'n v. Stout, 946 F.Supp. 790, 804 (C.D. Cal. 1996);

20  Davidson v. Santa Barbara High Sch. Dist., 48 F.Supp.2d 1225, 1228

21  (C.D. Cal. 1998)).

22      B.   Motion to Dismiss for Lack of Subject-Matter Jurisdiction

23      Defendants argue that Plaintiff's claims must be dismissed for

24  lack of subject-matter jurisdiction because the remedial provisions

25  of the Unruh Act present novel and complex issues of unresolved

26  state law, Plaintiff's ADA claim is wholly immaterial to this case,

27  and Plaintiff is forum-shopping by initiating this case in the

28  Eastern District.  Defendants' Motion to Dismiss, Points and

4

1  Authorities ("MTD") (Doc. #8).  The United States Supreme Court's

2  "precedent makes clear that whether a court has subject-matter

3  jurisdiction is distinct from whether a court chooses to exercise

4  supplemental jurisdiction."  Carlsbad Technology, Inc. v. HIF Bio,

5  Inc., 129 S.Ct. 1862, 1866 (2009) (citing Quackenbush v. Allstate

6  Ins. Co., 517 U.S. 706, 712 (1996)) (other citations omitted).

7  Although Defendants conflate the issues of subject-matter and

8  supplemental jurisdiction, the Court will address both Defendants'

9  Bell argument and their request that this Court decline to exercise

10 supplemental jurisdiction over Plaintiff's state law claim, in

11 turn.

12              1.    Jurisdiction over Plaintiff's Federal Claim

13      Defendants argue Plaintiff's ADA claim is "wholly immaterial

14 to his case," because Plaintiff seeks only injunctive relief

15 through this claim.  MTD at pg. 8-9.  Citing Organization for the

16 Advancement of Minorities with Disabilities v. Brick Oven

17 Restaurant, 406 F.Supp.2d 1120 (S.D. Cal. 2005) ("Brick Oven"), for

18 support, Defendants argue Plaintiff's sole purpose for asserting a

19 claim under the ADA was to obtain federal jurisdiction.  Id. at 9.

20      In Brick Oven, the court was presented with the issue of

21 whether to dismiss the plaintiff's ADA claim under Bell.  406

22 F.Supp.2d at 1125, 1132.  In analogizing Brick Oven to the instant

23 case, Defendants fail to acknowledge the court in that case did not

24 decline to exercise jurisdiction over that plaintiff's ADA claim.

25 Id.  Instead, the Brick Oven court declined to exercise

26 supplemental jurisdiction over the plaintiff's state law claims,

27 under the Unruh Act and Disabled Persons Act, and retained

28 jurisdiction over the plaintiff's ADA claim, finding the Bell

1  requirements were not satisfied.  Id.

2       Defendants fail to cite any case demonstrating the existence

3  of the "extraordinary circumstances" contemplated by Bell, nor do

4  Defendants cite any cases binding on this court.  See MTD at pg. 8-

5  9 (Brick Oven is a Southern District of California case, not a

6  "Ninth Circuit" case).  Moreover, Plaintiff's ability to succeed on

7  his state law claim depends on him proving a violation of the ADA.

8  See Comp. at ¶¶ 22-28; CAL. CIV. CODE § 51(f) ("A violation of the

9  right of any individual under the [ADA] shall also constitute a

10  violation of this section.").  Accordingly, Defendants have failed

11  to satisfy the Bell requirements, and Defendants' Motion to Dismiss

12  Plaintiff's ADA claim is denied.

13              2.   Supplemental Jurisdiction

14       Defendants argue that the Court may decline to exercise

15  supplemental jurisdiction over Plaintiff's claim under the Unruh

16  Act on any of the following three grounds in 28 U.S.C. § 1367(c):

17  Plaintiff's Unruh Act claim raises a novel or complex issue of

18  State law, Plaintiff's Unruh Act claim substantially predominates

19  over Plaintiff's ADA claim, and other compelling reasons exist for

20  declining jurisdiction.  MTD at pg. 4-8; see also 28 U.S.C. §

21  1367(c)(1), (2), (4).  In the Ninth Circuit, courts:

22          have declined to exercise supplemental jurisdiction
            over state law claims when a plaintiff abandons his
23          federal ADA claims, or a plaintiff's request for
            injunctive relief subsequently becomes moot, or a
24          plaintiff's numerous state law claims outnumber a
            solitary federal claim under the ADA, or when a
25          plaintiff's federal claims are dismissed before trial.

26  Johnson v. Barlow, 2007 WL 1723617 at *3 (E.D. Cal. June 9, 2007);

27  see also Johnson v. Makinen, 2009 WL 2137130 at *3 (E.D. Cal. Jul.

28  15, 2009) (quoting and agreeing with Johnson v. Barlow).  While

1 │ none of these concerns are implicated in this case, the Court will

2 │ address each of the grounds presented by Defendants for declining

3 │ supplemental jurisdiction.

4 │                               a.     Novel & Complex Issues of State Law

5 │     Defendants argue that this Court should decline to exercise

6 │ supplemental jurisdiction over Plaintiff's state law claim because

7 │ the damages provision of the Unruh Act is ill defined and

8 │ ambiguous.  MTD at pg. 4-5 (citing Brick Oven, 406 F.Supp.2d 1120,

9 │ 1130 (S.D. Cal. 1998)).  Specifically, they assert the provision

10 │ authorizing damages for "each and every offense" is unclear as to

11 │ whether damages are appropriate for each architectural barrier

12 │ encountered or for each actual or forgone visit to the Defendants'

13 │ properties.  Id.

14 │     Defendants again rely on Brick Oven, alleging it shows there

15 │ are conflicting authorities in the Ninth Circuit regarding damages.

16 │ MTD at pg. 4-5 (citing Brick Oven, 406 F.Supp.2d 1120, 1130 (S.D.

17 │ Cal. 1998)).  In that case, the court noted different rulings by

18 │ other courts in the Ninth Circuit on whether a plaintiff could

19 │ recover "daily damages" under the ADA, which is not at issue in

20 │ this case.  See Brick Oven, 406 F.Supp.2d at 1130.

21 │     Moreover, as pointed out by Plaintiff, the California Civil

22 │ Code resolves the ambiguity alleged by Defendants.  See Plaintiff's

23 │ Opposition to MTD ("Plt. Opp.") (Doc. #14) at pg. 3-4 (referring to

24 │ CAL. CIV. CODE § 55.56(e), improperly cited as "California 1608(b)

25 │ legislation").  Section 55.56(e) of the Civil Code provides that

26 │ statutory damages under the Unruh Act based on violations of the

27 │ ADA "may be assessed . . . based on each particular occasion that

28 │ the plaintiff was denied full and equal access, and not upon the

1   number of violations of construction-related accessibility

2   standards identified at the place of public accommodation where the

3   denial of full and equal access occurred."  CAL. CIV. CODE § 55.56;

4   see also id. at § 55.52(a)(6) ("'Construction related accessibility

5   standard' means a provision, standard, or regulation under state or

6   federal law requiring compliance with standards for making new

7   construction and existing facilities accessible to persons with

8   disabilities, including, but not limited to, any such provision,

9   standard, or regulation set forth in [the Unruh Act], . . . [and]

10  the Americans with Disabilities Act.  . . .").

11      Accordingly, it is clear that the alleged conflict in the law

12  regarding the calculation of damages alleged by Defendants is

13  actually well settled under California Law.  Compare MTD at pg. 4-6

14  with CAL. CIV. CODE § 55.56.  Therefore, supplemental jurisdiction

15  over Plaintiff's Unruh Act claim is proper because it does not

16  present a novel or complex issue of state law.

17                  b.   State Law Claim Substantially Predominates

18      Defendants allege that Plaintiff's state law claim

19  substantially predominates over his federal claim due to the

20  statutory damages available under the Unruh Act, relying again on

21  Brick Oven for support.  MTD at pg. 6-7.  However, as pointed out

22  by other Courts in the Eastern District, accepting Defendants'

23  argument "would effectively preclude a district court from ever

24  asserting supplemental jurisdiction over a state law claim under

25  the Unruh Act [in an ADA case]."  Johnson v. Barlow, 2007 WL

26  1723617 at *3 (E.D. Cal. June 9, 2007); see also Johnson v.

27  Makinen, 2009 WL 2137130 at *3 (E.D. Cal. Jul. 15, 2009) (quoting

28  and agreeing with Johnson v. Barlow).  This is true "even where a

1  plaintiff's state law claim for damages is the driving force behind

2  the action.  . . ."  Johnson v. Makinen, 2009 WL 2137130 at *3

3  (E.D. Cal. Jul. 15, 2009).  Moreover, as Defendants' acknowledge,

4  the burdens of proof and standards of liability under the ADA and

5  Unruh Act are the same.  MTD at pg. 6.  Without any other authority

6  supporting Defendants' position, this Court finds that Plaintiff's

7  state law claim does not substantially predominate over his federal

8  claim.  Accord, e.g., Johnson v. Barlow, 2007 WL 1723617 at *3

9  (E.D. Cal. June 9, 2007).

10                    c.    Compelling Reasons

11       Defendants argue that supplemental jurisdiction over

12  Plaintiff's state law claim is improper because Plaintiff engaged

13  in forum shopping.  MTD at pg. 7-8 (citing Brick Oven, 460

14  F.Supp.2d 1120, 1132 (S.D. Cal. 1998)).  Defendants point to

15  Plaintiff's excessive and improper litigation tactics, noting

16  Plaintiff has filed over 1,000 cases in this district.  Id.

17       While this Court acknowledges Plaintiff's extensive litigation

18  history, it agrees with other courts in this district that have

19  found exercising supplemental jurisdiction is appropriate under

20  similar circumstances.  "[C]ompeting principles of judicial economy

21  and convenience weigh strongly in favor of asserting supplemental

22  jurisdiction.  Plaintiff's state and federal law claim involve the

23  identical nucleus of operative fact, and require a very similar, if

24  not identical, showing in order to succeed.  If this court forced

25  plaintiff to pursue his state law claim in state court, the result

26  would be two highly duplicative trials, constituting an unnecessary

27  expenditure of plaintiff's, defendants', and the courts'

28  resources."  E.g., Johnson v. Barlow, 2007 WL 1723617 at *5 (E.D.

1  Cal. June 11, 2007).  Accordingly, this Court does not find

2  compelling reasons exist that require it to decline to exercise

3  supplemental jurisdiction over Plaintiff's state law claim.

4          C.   Motion for a More Definite Statement

5          Defendants move for a more definite statement, alleging

6  material allegations in Plaintiff's complaint are unclear.  MTD at

7  pg. 10.  Specifically, Defendants point out that Plaintiff does not

8  specify whether it was the Lodi or Sacramento store he visited on

9  the dates set forth in his complaint, nor does Plaintiff clarify

10 which barriers are present at which store.  Id.

11         As Plaintiff points out, the information sought by Defendants

12 is obtainable through discovery, and therefore Defendants' motion

13 must be denied.  Plt. Opp. at pg. 6-7; see also Abarca Franklin

14 County Water District, 2009 WL 1393508 at *2 (E.D. Cal. May 18,

15 2009) (citing San Bernardino Pub. Employees Ass'n v. Stout, 946

16 F.Supp. 790, 804 (C.D. Cal. 1996); Davidson v. Santa Barbara High

17 Sch. Dist., 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998)).

18

19                          III. ORDER

20        For the reasons set forth above, Defendants' Motion to Dismiss

21 is DENIED and Defendants' Motion for a More Definite Statement is

22 DENIED.

23        IT IS SO ORDERED.

24 Dated: July 12, 2011                _____

25                                     JOHN A. MENDEZ,
                                       UNITED STATES DISTRICT JUDGE

26

27

28

                                   10